IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES P. SURBER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-07-616-D |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings.

I. Procedural History

Plaintiff filed his application for benefits on February 20, 2004, and Plaintiff alleged

1

in his application that he became disabled on February 1, 2002. (TR 56-58). Plaintiff alleged disability due to degenerative disc disease with herniated and bulging discs. (TR 59). Plaintiff described previous work as a retail sales clerk, cab driver, painter, and jailer. (TR 60). Plaintiff's application was administratively denied. (TR 31, 32). At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Perkins ("ALJ") on June 26, 2006. (TR 247-282). At this hearing, Plaintiff and a vocational expert ("VE") testified. Following the hearing, the ALJ issued a decision in which the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (TR 14-21). The agency's Appeals Council refused to review the administrative decision (TR 4-7), and Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's determination.

II. Standard of Review

Judicial review of this action is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). Because "all the ALJ's required findings must be supported by substantial evidence," Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999), the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence [the ALJ] chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects." Clifton v. Chater, 79

F.3d 1007, 1010 (10th Cir. 1996).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992).  However, the court must "meticulously examine the record" in order to determine whether the evidence in support of the Commissioner's decision is substantial, "taking into account whatever in the record fairly detracts from its weight." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004)(internal quotation omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 1382c(a)(3)(A).  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f) (2007); see also Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(describing five steps in detail).  Where a *prima facie* showing is made that the plaintiff has one or more severe impairments and can no longer engage in prior work activity, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given [the claimant's] age, education, and work experience." Grogan, 399 F.3d at 1261; accord, Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

III. ALJ's Decision

Following the requisite sequential evaluation procedure, the ALJ found at steps one

and two that Plaintiff had not engaged in substantial gainful activity during the relevant time periods and that Plaintiff had severe impairments due to degenerative disc disease of the cervical and lumbar spines and paresthesias of both hands and the right lower extremity. (TR 16). At step three, the ALJ found that Plaintiff's severe impairments were not *per se* disabling considering the agency's Listing of Impairments. (TR 16-17). At the fourth step, the ALJ found that despite Plaintiff's impairments Plaintiff had the residual functional capacity ("RFC") to perform work at the light exertional level with additional restrictions. (TR 17). The ALJ found that Plaintiff could not perform work requiring lifting more than five pounds or sitting and standing/walking each for more than six hours in an eight-hour workday and not more than one hour at a time without at least a brief change of position. (TR 17). Further, the ALJ found that Plaintiff's RFC for work was limited by an inability to climb ropes, ladders, or scaffolds and the ability to only occasionally perform all postural movements. (TR 17). Additionally, Plaintiff's RFC for work was limited by a need to avoid concentrated exposure to vibrating hand tools and whole body vibration. Plaintiff was further limited to handling and fingering "on a frequent basis," to feeling "occasionally," and to understanding, remembering, and carrying out "simple to moderately complex instructions" and to performing tasks "in an object focused environment." (TR 17).

Relying on the VE's testimony concerning the exertional and non-exertional requirements of Plaintiff's previous jobs, the ALJ found that Plaintiff's RFC prevented him from performing any of his past relevant jobs. (TR 19). Again relying on the VE's testimony concerning the availability of other jobs for an individual with Plaintiff's RFC for work, the

ALJ found at step five that Plaintiff was capable of performing work that exists in significant numbers in the national economy, including the job of surveillance system monitor. (TR 19-20). Based on these findings, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

IV. <u>Step Five - Significant Number of Jobs</u>

Plaintiff contends that the ALJ failed to satisfy the step five burden of proof that Plaintiff "can perform a substantial number of jobs in the regional economy." Plaintiff's Brief, at 7. Plaintiff argues that the ALJ cited only 550 jobs as a surveillance system monitor that Plaintiff could perform in the State of Oklahoma and that this is probably not a substantial number. Relying on <u>Trimiar v. Sullivan</u>, 966 F.2d 1326 (10th Cir. 1992), Plaintiff contends that the ALJ erred by failing to consider the factors set out in <u>Trimiar</u> in determining whether the job identified by the ALJ exists in substantial numbers.

Plaintiff's description of the relevant legislation and regulations is somewhat misleading. Under 42 U.S.C. § 423(d)(2)(A) and 20 C.F.R. § 404.1566, work exists in significant numbers in the national economy if it exists in significant numbers in either the region where the claimant lives or in several other regions of the county. The VE testified at Plaintiff's administrative hearing that there are "typically 50,000 positions" of surveillance system monitor available nationally and "about 550" of these positions in Oklahoma. (TR 279). The ALJ found that this represents a significant number of jobs available in the national economy. (TR 19).

In <u>Trimiar</u>, 966 F.2d at 1330, the Tenth Circuit Court of Appeals recognized that it

5

had "never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number'" of jobs existing in the economy.  Nevertheless, the court recognized that "several factors" elucidate the analysis of the issue, including "'the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; [and] the types and availability of such work.'" Id. (quoting Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988).

The ALJ's decision in this case does not provide express consideration of the factors deemed relevant to the evaluation of whether the one job the ALJ found Plaintiff could perform exists in significant numbers in the economy.  In Defendant's Brief, Defendant attempts to provide that evaluation on a *post hoc* basis in an effort to show that the ALJ's error is harmless.  However, the undersigned finds that the factors enunciated in Trimiar are critical to the step five decision in this case particularly in light of the ALJ's finding that Plaintiff could not sit for more than one hour at a time, a limitation that could impede Plaintiff's ability to drive to a distant job site.  Because the ALJ's decision provides no analysis at all of the Trimiar factors, the Commissioner's failure to expressly consider the factors is not harmless.  See Allen v. Barnhart, 357 F.3d 1140, 1144 (10th Cir. 2004)(emphasizing that "Trimiar's insistence on an antecedent exercise of judgment by the ALJ is not novel.  On the contrary, it is consistent with, if not compelled by, our broader recognition that as a court acting within the confines of its administrative review authority, we are empowered to 'review the ALJ's decision for substantial evidence' and, accordingly,

'we are not in a position to draw factual conclusions on behalf of the ALJ'")(quoting Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001)). In this case, the ALJ referred to the VE's testimony with respect to the numerical significance of the lone job that the ALJ found fell within Plaintiff's RFC for work, but the ALJ did not specifically assess the issue of numerical significance in relation to the Trimiar factors.

Pursuant to the regulation governing this issue, "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the claimant] live[s] are not considered 'work which exists in the national economy.'" 20 C.F.R. § 404.1566(b). The Tenth Circuit Court of Appeals recognized in an unpublished 2006 decision, Norris v. Barnhart 197 Fed.Appx. 771, (10th Cir. Sept. 26, 2006)(unpublished op.), that the ALJ's reliance upon two jobs that exist in numbers of 700 to 1,000 jobs regionally and 600 jobs regionally reflect a "fairly small number" of available jobs that, on remand for other legal errors, might require the ALJ to consider the Trimiar factors, particularly in view of the ALJ's finding that the claimant could not sit for more than forty-five minutes at a time, "which may preclude her from driving long distances to work."

Defendant posits that this Court should uphold the ALJ's finding that 550 jobs in the State of Oklahoma is a significant number of jobs in light of an Eighth Circuit Court of Appeals decision holding that 500 security jobs in the region was a significant number of jobs. Eighth Circuit Court of Appeals decisions are, of course, not binding precedent in this Court. See Garcia v. Miera, 817 F.2d 650, 658 (10th Cir. 1987)("But the decisions of one circuit court of appeals are not binding upon another circuit."). Moreover, in that decision,

Jenkins v. Bowen, 861 F.2d 1083 (8th Cir. 1988), the circuit court held that the ALJ had satisfied the step five burden of showing the availability of work existing in significant numbers for a number of reasons, including the fact that the claimant had "unique skills" and "twenty-five years experience as a security guard" that made him "well-qualified to do the sedentary security jobs described by the vocational expert." Id. at 1087.  In this case, Defendant points to no similar factors such as Plaintiff's specialized skills that might provide a sufficient basis for the ALJ's finding that 550 surveillance system jobs in the State of Oklahoma represents a significant number of jobs.  Consideration of the Trimiar factors, particularly the distance the Plaintiff is capable of traveling to engage in work, supports the conclusion that 500 jobs in the State of Oklahoma is not a significant number.  See Mericle v. Secretary of Health & Human Servs., 892 F.Supp. 843, 847 (E.D. Tex. 1995)(870 jobs in the State of Texas is not a significant number); Waters v. Secretary of Health & Human Servs., 827 F.Supp. 446, 450 (W.D. Mich. 1992)(1,000 jobs in State of Michigan did not constitute jobs in significant numbers).  Accordingly, without expressing any opinion concerning the merits of the issue, the Commissioner's decision should be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter REVERSING the decision of the Commissioner to deny Plaintiff's application for benefits and REMANDING the decision to the Commissioner for further administrative proceedings

consistent with this Report and Recommendation. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before     March 11th    , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to file a timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    20th    day of    February   , 2008.

*[signature: Gary M. Purcell]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE