IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES P. SURBER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-616-D |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Upon examination of Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b) [Doc. No. 26], Defendant's Response, and Plaintiff's Attorney's Supplement [Doc. No. 29], the Court finds as follows.

Plaintiff's attorneys may recover a reasonable fee for the representation of Plaintiff in this case up to the statutory limit of 25% of the award of past-due benefits, provided the attorneys refund to Plaintiff the amount of $2,612.90, which was previously awarded under the Equal Access to Justice Act. *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931 (10th Cir. 2008); *see also* Order 6/10/08 [Doc. No. 25]. The Motion is timely filed within a reasonable time after notice of the Commissioner's determination and the award of benefits. Plaintiff entered into a contingent-fee contract with his attorneys on April 18, 2007. The law firm performed 17.4 hours of legal work in this case (14.3 hours by attorneys and 3.1 hours by paralegals). The action resulted in a favorable judicial decision, namely, a reversal of the Commissioner's decision and a remand for further administrative action. After remand, Plaintiff was determined to be entitled to benefits and was awarded a past-due amount of $63,486.00.

Upon consideration of the facts and circumstances presented, the Court finds that the requested amount of $10,571.50 does not represent a reasonable fee for the work done in this case in view of the nature of the representation, the limited number of hours devoted to the matter, the results achieved, and other factors that justify an award of fees. The Court finds that a reasonable attorney's fee in this case is $7,770.00. This amount more than doubles a reasonable lodestar figure and adequately compensates counsel for taking a contingent engagement and bearing a risk of non-recovery.[1] The Court therefore finds that the Motion should be granted in the reduced amount set forth above.

IT IS THEREFORE ORDERED that the Motion of Plaintiff's Attorneys [Doc. No. 26], as supplemented [Doc. No. 29], is GRANTED. The Court approves an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,770.00 to Plaintiff's attorney of record, Gayle A. Troutman of the firm Troutman & Troutman, P.C. The attorney shall promptly refund to Plaintiff the amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $2,612.90.

IT IS SO ORDERED this 13th day of May, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] A reasonable hourly rate for the attorneys ($200/hour) multiplied by the number of attorney hours (14.3) multiplied by 2.5 equals $7150. A reasonable hourly rate for paralegals ($80/hour) multiplied by the number of paralegal hours (3.1) multiplied by 2.5 equals $620.